IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAVINDRA SINGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WAL-MART STORES, INC.; WAL-MART | § | |
| STORES, LLC; ALAN MARTINDALE; | § | 1:17-CV-1120-RP |
| EVA MARIE MOSELEY; CITY OF AUSTIN; | § | |
| AUSTIN POLICE DEPARTMENT; | § | |
| ART ACEVEDO; RICHARD W. MILLER; | § | |
| and JOHN DOE I; | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning the motion to dismiss filed by Defendants City of Austin ("the City"), Austin Police Department ("APD"), Art Acevedo ("Acevedo"), and Richard Miller ("Miller") (collectively, the "City Defendants"), (Dkt. 18). (R. & R., Dkt. 37). In his report and recommendation, Judge Lane recommends that the Court grant the motion in part. (*Id.* at 12). Only Plaintiff Ravindra Singh ("Singh") timely filed objections to the report and recommendation. (Objs., Dkt. 40). Having considered Singh's objections, the record, and the relevant law, the Court finds that his objections should be sustained in part and overruled in part, that the report and recommendation should be adopted in part, and that the motion to dismiss should be granted in part and denied in part.

**I. BACKGROUND**

Singh was shopping at an Austin Wal-Mart on November 26, 2015, when he was stopped by a Wal-Mart loss prevention officer (Eva Marie Moseley) and an APD officer (Miller). (Compl., Dkt. 1, at 2). Suspecting Singh of shoplifting, Moseley and Miller allegedly detained, searched, and arrested Singh. (*Id.* at 3). Singh alleges that he was injured when Miller roughly handcuffed him. (*Id.*).

1

Another unidentified APD officer (John Doe I) questioned Singh at length about his U.S. citizenship. (*Id.*). Singh was arrested for and charged with[1] disorderly conduct; he alleges that the charges were brought maliciously on false grounds. (*Id.*). An Austin municipal judge later dismissed the charges against Singh. (*Id.*).

Proceeding *pro se*, Singh now sues Wal-Mart,[2] Moseley, and the City Defendants on a series of claims: (1) against all defendants, a violation of 42 U.S.C. § 1983 ("Section 1983") for depriving Singh of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure; (2) against the City Defendants, a violation of Section 1983 for chilling his speech through retaliatory prosecution; (3) against Defendants Miller and Wal-Mart, a violation of 42 U.S.C. § 1982; (4) against all defendants, a violation of Section 1983 for depriving him of his right to equal protection of the laws under the Fourteenth Amendment; (5) against all defendants except Acevedo, a violation of Section 1983 for intentional infliction of emotional distress ("IIED"); and (6) against all defendants, a violation of Section 1983 for defamation. (Compl. Dkt. 1, at 21–30). Wal-Mart has not filed a motion to dismiss. The City Defendants, meanwhile, moved to dismiss all of the claims against them. (Dkt. 18).

In his report and recommendation, Judge Lane recommends granting the City Defendants' motion in part and denying it in part. (R. & R., Dkt. 37, at 11–12). Specifically, he recommends dismissing: (a) all of Singh's claims against APD and Acevedo with prejudice; (b) Singh's Section 1983 claims against Miller and John Doe I without prejudice; and (c) Singh's IIED and defamation claims with prejudice. (*Id.* at 12). Meanwhile, Judge Lane also recommends denying the City Defendants' motion as to Singh's Section 1983 claims against Miller and the City. (*Id.*). The City

---

[1] Singh alleges that Austin police charged him with disorderly conduct, (Compl., Dkt. 1, at 3), but police do not bring criminal charges—prosecutors do.

[2] Singh names Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC as defendants. (Compl., Dkt. 1, at 3). The Court will refer to those defendants collectively here as "Wal-Mart."

Defendants did not file objections to the report and recommendation. Singh timely objected only to the parts of Judge Lane's report and recommendation pertaining to his IIED and defamation claims.

## II. LEGAL STANDARD

### A. Federal Magistrates Act

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and internal quotation marks omitted). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations

in the complaint are true (even if doubtful in fact).") (citation and internal quotation marks omitted). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, a court is only required to draw reasonable inferences in the plaintiff's favor. *Id.*

### III. DISCUSSION

Because Singh timely objected to the parts of the report and recommendation pertaining to his IIED and defamation claims, the Court reviews those parts of report and recommendation *de novo*. Because no party objected to the remainder of the report and recommendation, the Court reviews those portions for clear error. Having reviewed the entire report and recommendation under the applicable standard of review, the Court will largely (but not fully) adopt it as its own order. Accordingly, Singh's objections are sustained in part and overruled in part on the following grounds.

### A. IIED

Judge Lane recommended that Singh's IIED claim be dismissed based on the two-year statute of limitations that applies to IIED claims in Texas. (R. &. R., Dkt. 37, at 6 (citing Tex. Civ. Prac. & Rem. Code § 16.003(a))).³ This Court is bound by the Fifth Circuit's holding that Texas Civil Practice & Remedies Code § 16.003, which sets the limitations period for IIED claims, "requires a claim to be brought no later than the same calendar day two years following the accrual of the cause of action." *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 893 (5th Cir. 2005). Applying *Price*, Judge Lane found that Singh's IIED claim accrued on November 26, 2015, and that he was one day late when he filed that claim on November 27, 2017. (*Id.* at 6).

---

³ Judge Lane correctly observes that Section 1983 does not create a remedy for violations of state law, and so Singh's IIED claim must be liberally construed to seek relief under Texas law. (R. & R., Dkt. 37, at 5 n.4); *see also Gonzalez v. Cortez*, 347 F. App'x 117, 118 (5th Cir. 2009) (stating that a plaintiff "may not recover under § 1983 for emotional distress absent a violation of his constitutional rights").

4

Singh objects that even if he did file a day late, his IIED claim should not be dismissed because he was prohibited from filing this action on Sunday, November 26, 2017 (the last day within the limitations period) by the Texas Rules of Civil Procedure. (Objs., Dkt. 40, at 12 (citing Tex. R. Civ. P. 6 ("No civil suit shall be commenced . . . on Sunday"))). Although Singh cites no authority to support his position, he is in fact correct that when a limitations period ends on a Sunday, Texas law—by statute—extends the period for filing suit to include the next day that county offices are open for business. Tex. Civ. Prac. & Rem. Code § 16.072; *see also Galindo v. Snoddy*, 415 S.W.3d 905, 911 (Tex. App.—Texarkana 2013, no pet.) (holding that it was error to grant summary judgment against a plaintiff whose limitations period ended on a Saturday and who filed suit the following Monday). That statutory rule applies here: the limitations period for his IIED claim ended on a Sunday and he filed suit the next day. (*See* R. & R., Dkt. 37, at 3).[4] He therefore filed his IIED claim within the limitations period. *Galindo*, 415 S.W.3d at 911.

The limitations period was the only basis for recommending dismissal of Singh's IIED claim, (R. & R., Dkt. 37, at 5), and the only grounds for dismissal proffered by the City Defendants, (Mot. Dismiss, Dkt. 18, at 4–5). The Court will not adopt Judge Lane's recommendation to dismiss Singh's IIED claim against the City Defendants. The City Defendants' motion to dismiss Singh's IIED claim is denied with respect to the City. His IIED claim against Miller and APD is dismissed for failure to state a claim on other grounds.[5]

### B. Defamation

Judge Lane recommended that Singh's defamation claim be dismissed based on the one-year statute of limitations that applies to defamation claims under Texas law. (R. &. R., Dkt. 37, at 5

---

[4] The rule articulated in *Price* is inapplicable here; in *Price*, the limitations period ended on a Friday. 431 F.3d at 893.

[5] Based on Singh's agreement, Judge Lane recommended dismissing all of Singh's claims against APD. (R. & R., Dkt. 37, at 4). Meanwhile, because Singh asserts his IIED claim against both the City and its employee (Miller), and the City has moved for dismissal of the claim against Miller under Texas Civil Practice & Remedies Code § 101.106, (Mot. Dismiss, Dkt. 18, at 5), the IIED claim against Miller must be dismissed. Tex. Civ. Prac. & Rem. Code § 101.106(e).

5

(citing Tex. Civ. Prac. & Rem. Code § 16.002(a))). Judge Lane found that Singh's defamation claim accrued on November 26, 2015, and that he was one year and one day late when he filed that claim on November 27, 2017. (*Id.*).

Singh objects on two grounds. First, he argues that his claim did not accrue on November 26, 2015, and is in fact still re-accruing every day that the damaging information remains published online. (Objs., Dkt. 40, at 16). That is not the case. Defamation claims "generally accrue when the allegedly defamatory matter is published or circulated." *Glassdoor, Inc. v. Andra Group, LP*, 2019 WL 321934 at *3 (Tex. Jan. 25, 2019). When a defamation claim arises out of a mass publication, Texas courts apply the "single publication rule" to identify the claim's accrual date. *Id.* at *4. The single publication rule applies to information published online. *Id.*; *see also Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 144–46 (5th Cir. 2007); *Mayfield v. Fullhart*, 444 S.W.3d 222, 230 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Under that rule, "a cause of action accrues on the last day of the mass distribution of the printed matter containing the defamatory statement, which is when the publisher of the statement has made the libelous matter available to his intended audience." *Glassdoor*, 2019 WL 321934 at *4 (citation and internal quotation marks omitted). Singh's defamation claim accrued on a single date and is not re-accruing continuously. The identity of that single date depends upon the facts plausibly alleged in Singh's complaint.

Singh's defamation claim arises out of: (a) Miller and Moseley publicly accusing him of shoplifting, which occurred on November 26, 2015; and (b) the appearance of his name on a City of Austin webpage listing arrested persons. (Compl., Dkt. 1, at 29–30). Applying the single-publication rule, Singh's defamation claim accrued as late as the day that the City published his name on its webpage. *See Mayfield*, 444 S.W.3d at 230 (holding that a libel claim accrued on the date that the defendant posted the damaging information on its website). Singh does not allege that date on which his name was published on the City's website. (*See id.*). However, the Court finds it implausible that

6

the City first published Singh's name on a webpage naming arrestees more than a year after Singh was arrested. *See Iqbal*, 556 U.S. at 678 (holding that a court must draw only reasonable inferences in the plaintiff's favor when evaluation a motion to dismiss and that it must draw on its judicial experience and common sense). Accordingly, the Court finds that the City first published Singh's name online more than one year before he filed his defamation claim, rendering his claim time-barred under Texas law. Tex. Civ. Prac. & Rem. Code § 16.002(a).

This brings the Court to Singh's second objection. Singh argues that his defamation claim is subject not to the one-year limitations period under state law but to the two-year limitations period that applies to Section 1983 claims in Texas. (Objs., Dkt. 40, at 9–10, 12). It is true that Singh alleges that the City Defendants are liable under Section 1983 for defaming him. (Compl., Dkt. 1, at 29–30). And, under certain circumstances, defamation is actionable under Section 1983. *Marrero v. City of Hialeah*, 625 F.2d 499, 515 (5th Cir. 1980). The Court agrees with Judge Lane's finding that Singh filed his complaint within the limitations period for Section 1983 claims, (R. & R., Dkt. 37, at 9), and so although Singh's state-law defamation claim is time-barred, his Section 1983 claim for defamation is not.

But while asserting his defamation claim under Section 1983 solves Singh's time-bar problem, it encounters a separate problem that renders his pleading of the claim deficient. Section 1983 creates a remedy only for "violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005). "To bring an action within the purview of section 1983, a claimant must first identify a protected life, liberty, or property interest, and then prove that government action resulted in a deprivation of that interest." *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991). Defamation, by itself, does not create Section 1983 liability because "reputation alone, apart from some more tangible interests such as employment, is either 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." *Paul v.*

*Davis*, 424 U.S. 693, 701 (1976). To state a Section 1983 claim based on a defamatory publication, therefore, a claimant must "show a stigma plus an infringement of some other interest." *Kacal*, 928 F.2d at 701. To establish the "infringement" portion the "stigma plus" test, "a claimant must establish that the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been 'incorporated.'" *Id.* at 701–02 (citing *Paul*, 424 U.S. at 710–11).

Singh asserts, without explanation or support, that his pleading satisfies the stigma-plus test. The Court disagrees. In his complaint, Singh alleges that Defendants "tarnish[ed] his good name in the community" and that he "suffered serious and substantial injuries to his reputation." (Compl., Dkt. 1, at 30; *see also id.* at 19). These allegations "merely implicate [Singh's] reputation and are insufficient to establish a cause of action under § 1983." *Thomas v. Kippermann*, 846 F.2d 1009, 1010 (5th Cir. 1988) (affirming dismissal of a defamation claim brought under Section 1983 when the plaintiff alleged that false information on posters "destroyed his life, pride, respect, family's happiness, and endangered his life"); *see also Geter v. Fortenberry*, 849 F.2d 1550, 1557 (5th Cir. 1988) (holding that a defamation claim under Section 1983 was subject to summary judgment because the plaintiff did not suffer an injury in additional to reputational damage, such as loss of employment). Singh's defamation claim under Section 1983, although timely filed, fails to state a plausible claim for relief because he alleges only reputational harm. Although the Court does not adopt the report and recommendation's reason for dismissing Singh's defamation claim, it agrees that the claim must be dismissed.[6]

### C. John Doe I

Judge Lane found that Singh's claims against the unidentified APD officer ("John Doe I") were likely time-barred and recommended that the Court order Singh to show cause for why that

---

[6] Like Singh's IIED claim, his defamation claim against Miller must also be dismissed because of the City's motion. Tex. Civ. Prac. & Rem. Code § 101.106(e).

officer should not be dismissed. (R. & R., Dkt. 37, at 9). In his objections, Singh argues that he has tried to learn John Doe I's identity but has not succeeded and asks that he be allowed to name him as a defendant once he can learn his identity in discovery. (Objs., Dkt. 40, at 17). But the relevant limitations periods are now long past; all of Singh's claim against John Doe I are time-barred. Moreover, any amendment to change John Doe I's identification would not relate back to the filing of his original complaint. *See Winzer v. Kaufman County*, 2019 WL 654594, at *4 (5th Cir. Feb. 18, 2019) (barring the plaintiff from substituting named defendants for John Doe defendants under Federal Rule of Civil Procedure 15(c) because that provision only allows for relation back to correct a mistake concerning a party's identity, not the failure to identify a defendant); *Jacobsen v. Osborne*, 133 F.3d 315, 321–22 (5th Cir. 1998). A court may *sua sponte* dismiss on its own Rule 12(b)(6) motion for failure to state a claim as long as the plaintiff has notice and an opportunity to respond. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). Judge Lane's report and recommendation gave Singh notice and an opportunity to respond, of which he availed himself. The Court finds that Singh's claims against John Doe I must be dismissed with prejudice based on the applicable statutes of limitations.

### D. Leave to Amend

In his objections, Singh asks for leave to amend his complaint so that he may cure the deficiencies identified in the report and recommendation. (Objs., Dkt. 40, at 16, 18). In general, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). Leave to amend a pleading should generally be granted in the absence of "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393

F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate*, 822 F.3d at 211. "[A] district court need not grant a futile leave to amend." *Id.*

It would be futile to permit Singh to amend his state-law tort claims against Miller, since amendment cannot cure the City's election under Texas Civil Practice & Remedies Code § 101.106. It would likewise be futile to permit Singh to amend his defamation claim (to the extent he asserts it solely under Texas law) and all of his claims against John Doe I, as those claims are time-barred. However, amendment of Singh's Section 1983 claim for defamation may not be futile; he is permitted to amend his complaint as to that claim.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 37), is **ADOPTED IN PART**. The Court does not adopt Judge Lane's recommendation to dismiss Singh's IIED claim or his analysis of that claim, nor does it adopt the reason for dismissing Singh's Section 1983 defamation claim, but otherwise adopts all other parts of the report and recommendation as the Court's own order.

**IT IS FURTHER ORDERED** that the City Defendants' motion to dismiss, (Dkt. 18), is **GRANTED IN PART AND DENIED IN PART.** Specifically:

- Singh's claims against APD are dismissed with prejudice.
- Singh's claims against Acevedo are dismissed with prejudice.
- Singh's claims against John Doe I are dismissed with prejudice.
- Singh's Section 1983 claim for defamation against the City and Miller is dismissed without prejudice. His defamation claim against each of the City Defendants is dismissed with prejudice to the extent it arises solely under Texas law.

- Singh's IIED claim against Miller is dismissed with prejudice.

- The City Defendants' motion is denied with respect to:

    - Singh's Section 1983 claims against the City based on violations of the United States Constitution.

    - Singh's Section 1983 claims against Miller in his individual capacity based on violations of the United States Constitution.

    - Singh's IIED claim against the City.

**IT IS FINALLY ORDERED** that Singh may amend his complaint with respect to his defamation claim, so long as he does so before whatever deadline the Court sets to amend pleadings in its scheduling order.

**SIGNED** on March 25, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE