IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAVINDRA SINGH, PH.D, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-cv-1120-RP |
| WAL-MART STORES, INC., et al., | § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation and order of United States Magistrate Judge Mark Lane concerning Defendant Richard W. Miller and the City of Austin's (the "City Defendants") Motion to Sanction and Dismiss Case for Plaintiff Ravindra Singh's ("Singh") Failure to Cooperate in Discovery and Comply with Court's Order, (Dkt. 86), Defendant Wal-Mart Stores Texas LLC, Wal-Mart Stores Inc., Alan Martindale, and Eva Marie Moseley's (the "Wal-Mart Defendants") Motion to Dismiss for Plaintiff Ravindra Singh's Failure to Cooperate in Discovery and Failure to Comply with the Court's Order, (Dkt. 92), and Singh's Second Motion to Compel Disclosure, (Dkt. 95). (R. & R., Dkt. 109). In his report and recommendation, Judge Lane recommends that the City Defendants' Motion to Sanction and Dismiss Case for Plaintiff Ravindra Singh's Failure to Cooperate in Discovery and Comply with Court's Order, (Dkt. 86), be denied and the Wal-Mart Defendants' Motion to Dismiss for Plaintiff Ravindra Singh's Failure to Cooperate in Discovery and Failure to Comply with the Court's Order, (Dkt. 92), be denied. (*Id.* at 16). In his order, Judge Lane granted in part and denied in part Singh's Second Motion to Compel Disclosure, (Dkt. 95), issued warnings to Singh, and issued orders to all parties related to discovery in this case. (*Id.*). Singh timely filed objections to the report and recommendation and appealed Judge Lane's orders. (Objs., Dkt. 112).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Singh timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so, the Court overrules Singh's objections and adopts the report and recommendation as its own order.

Regarding Judge Lane's orders, a district judge may reconsider any pretrial matter determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). District courts apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling under the referral authority of that statute. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

Because Singh timely appealed from portions of Judge Lane's order, the Court reviews those portions of Judge Lane's order for clear error or for conclusions that are contrary to law. Having done so, the Court denies Singh's appeal. Upon its own review, this Court finds that Judge Lane's orders and warning were not clearly erroneous or contrary to law.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (R. & R., Dkt. 109), is **ADOPTED**. The City Defendants' Motion to

Sanction and Dismiss Case for Plaintiff Ravindra Singh's Failure to Cooperate in Discovery and Comply with Court's Order, (Dkt. 86), is **DENIED** and the Wal-Mart Defendants' Motion to Dismiss for Plaintiff Ravindra Singh's Failure to Cooperate in Discovery and Failure to Comply with the Court's Order, (Dkt. 92), is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DENIES** Singh's appeal, (Dkt. 112), and **AFFIRMS** Judge Lane's order granting in part and denying in part Singh's Second Motion to Compel Disclosure, (Order, Dkt. 109, at 16), Judge Lane's warnings to Singh, (*Id.* at 13–14), and Judge Lane's discovery-related orders, (*Id.* at 14–16).

**SIGNED** on February 23, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE