FILED
December 10, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____DM_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAVINDRA SINGH, PH.D. § | |
| Plaintiff, § | CAUSE NO. 1:17-CV-01120-RP |
| § | |
| V. § | |
| WAL-MART STORES, INC. § | |
| WAL-MART STORES TEXAS, LLC § | |
| ALAN MARTINDALE, § | |
| EVA MARIE MOSELEY, § | |
| CITY OF AUSTIN, § | |
| AUSTIN POLICE DEPARTMENT § | |
| ART ACEVEDO § | |
| RICHARD W. MILLER (AP3538), § | |
| JOHN DOE    I § | |
| Defendants. § | |

**PLAINTIFF RAVINDRA SINGH, PH.D.'S MOTION TO DEFER CONSIDERATION OF DEFENDANTS CITY OF AUSTIN AND RICHARD W MILLER'S MOTION FOR SUMMARY JUDGEMENT AND APPLICATION FOR RELIEF UNDER RULE 56(d) OF THE FEDERAL CIVIL PROCEDURE**

Plaintiff Ravindra Singh, Ph.D. proceeding pro se hereby moves the Court in the above styled and number cause and file Motion to Defer Defendants City of Austin and Richard W Miller's Motion for Summary Judgement or Dismissal and Declaration in Support of Motion for Relief under Rule 56(d) of the Federal Rule of Civil Procedure until adequate discovery is completed and respectfully asserts as follows:

**I.     INTRODUCTION**

Plaintiff Ravindra Singh, Ph.D. proceeding pro se files this Motion to consideration of Defendants' Motion for Summary Judgement until Defendants provide Plaintiff's with adequate information. Defendants' motion is premature and nothing in the Summary Judgement evidence suggests

absence of issue for trial. As set forth in the following sections, several key materials issues for trial remain even at the current state of discovery. And the motion should be denied. Alternatively, consideration of the motion should be deferred until Defendants provide Plaintiff with adequate discovery.

## II. SUMMARY OF FACTS PROCEEDINGS

### A: FACTS

This action arose out of false allegation of shoplifting theft against Plaintiff at the Wal-Mart store #3569 located in the City of Austin on the Thanksgiving-Day, November 26, 2015. The store was closed in the day for business and open in the evening at 6:00 PM for its annual "Black Friday Blitz Sale" event. Plaintiff visited the store pursuant to an email advertising he received on behalf of Wal-Mart intending to purchase a Chromebook computer -- a lightweight computer known for its long battery life. While in the store Plaintiff was falsely identified as a shoplifter and targeted for surveillance through store's CCTV surveillance cameras by a white female loss-prevention employee Eva Marie Moseley on mere hunch based on constitutionally impermissible stereotyping on account of Plaintiff's color (brown) and perceived race/Ethnicity/national origin.

In anticipation of increased number of shoppers coming into the store for the Black Friday Blitz Sale the store has hired several "off-duty" Austin police officers as security guards. Defendant Richard Miller, a white male was one of the "inside-store security guards". Defendant Richard Miller worked at the store as private security guard with City's permission. Even though he was off-duty according to Austin Police Department Policy and General Orders he wore Austin police uniform and was armed with City-issued firearm and communication equipment. At least one--identified Complaint as John Doe I (not a named Defendant) more Austin police officers also worked off-duty at all times relevant to this lawsuit. Defendants have refused to provide John Doe II's real identity despite Plaintiff's repeated requests despite the fact that he witnessed the entire incident.

Plaintiff did not find the Chromebook computer he intended to purchase. However, he did find a cellphone protector for a phone he already owned. Because Plaintiff did not carry his cell phone with him (he does not carry his cell phone with him unless in emergency ) he carried the protector to a cell phone on display nearby that appeared similar. Upon examination Plaintiff found that the protector was not a match. As a result Plaintiff put the protector back on its original place -- on a peg. While in the electronics department of the store, Plaintiff interacted briefly with a newly released Samsung Galaxy cell phone display set up by the store inviting customer to interact with it to

promote impulse-purchase set up consisted of a cell phone, its Owner's Manual hooked to a large TV where the contents of cell phone screen could be seen on the large TV screen. Plaintiff did not intend to purchase any cell phone so he decided to leave. However, as he proceeded to leave in the electronics department, he walked through the magazine isle next to it where magazine titles were on display. In the magazine isle Plaintiff sequentially picked out three magazines titles -- Men's Health and Fitness, College Sports and US National Parks and Wild Life. Plaintiff perused through them one after the other. The last one being the US National Park and Wild Life. That title included a write up on the Grand Canyon. Next to the US National Park and Wild Life magazine on display was a US Atlas of Road Maps. Plaintiff briefly examined the atlas to determine the driving distance to the Grand Canyon. Plaintiff did not have his reading glasses with him and soon he began to feel eye strain and he proceeded to leave without any magazines -- he was empty handed. He did not have any shopping carts or baskets. Plaintiff was being watched by Eva Moseley. As Plaintiff proceeded towards the exit doors through the store shopping area, Eva Moseley directed Defendant Miller notified Richard Miller of Plaintiff's intended departure and directed Miller to stop and Search Plaintiff's person to recover evidence of theft for prosecution on theft charges despite the fact that Plaintiff did not conceal or attempted to conceal anything. As Plaintiff proceeded to leave through the main doors marked with EXIT sign first set

sliding glass door, Defendant Richard Miller was waiting to apprehend Plaintiff. Not only Richard Miller was waiting to apprehend Plaintiff, he was so determined to lock Plaintiff up in Jail that he had already radioed APD Dispatch for Prisoner Transport to transport Plaintiff to jail -- all on Eva Marie Moseley direction and orders. All according to prearranged plans. And without any independent investigation by Defendant Richard Miller. As soon as Plaintiff walked past the first set of sliding glass doors into the Exit/Entry vestibule Defendant Miller commanded Plaintiff to stop from behind. Plaintiff was confused whether Miller's command was directed towards Plaintiff -- Plaintiff had no reason to suspect why anyone would stop him. There was no audio alarm triggered -- even falsely indicating unauthorized merchandise was leaving the store with Plaintiff. In response to Miller's command to stop, Plaintiff stopped and turned around to face Miller. Miller accuses Plaintiff of shoplifting by concealment commanding "what you have under your shirt? Show me." Plaintiff was surrounded by two Austin police officers in uniform, armed working as store security guard for Wal-Mart. Plaintiff's reluctantly complied. There was nothing concealed. Nothing discovered. Plaintiff was as innocent as it could be. Richard Miller was accompanied by a Junior APD Officer identified as John Doe II during the entire incident. Defendant Eva Moseley was also preset to serve as witness.

   No one offered any apology. Neither defendant Miller nor Eva Moseley. Or Officer John Doe II. Instead Miller justified his conduct by blaming Plaintiff

for having a big stomach – you have a big stomach Miler said. Plaintiff is about thirty-one inches (31) around his stomach, weighs one hundred and thirty pounds (130 lbs.) on a frame about five feet five inches tall. That is the way he has been for most of his adult life – compare that to over forty inches (40") for American adult male.

Subsequently, Defendant Richard Miller engaged in a campaign to cover up his conduct and physically blocking Plaintiff access to eyewitnesses several of whom were recording the incident on their cell phones. Plaintiff complaint peacefully and professionally, Miller threatened Plaintiff to lock up in jail if he attempted to contact witnesses and did not immediately leave. In addition Miller physically blocked Plaintiff entry into the store to purchase a pen after Plaintiff advised him following his (Miller's) refusal to lend him his pen. When Plaintiff objected, Miller turned violent, grabbed Plaintiff by his arms, forcefully twisting them behind his back inflicting severe injuries to Plaintiff elbow and shoulder joints – injuries from which Plaintiff has not recovered fully to this day.

Miller violently pushed Plaintiff into a Holding Room, held him handcuffed behind his back for an on-duty officer John Doe I to arrive. Based on defendant Richard Miller's radio information that he was holding a Hispanic male, Plaintiff was interrogated by on-duty officer John Doe I as if he were an illegal Hispanic male. Plaintiff is(was) neither Hispanic nor illegal. Plaintiff

is a lawful Citizen of United states and is classified as Asian/Pacific islander. He exhibits brown color tone.

In the Holding Room Miller wrote a citation against Plaintiff on false and fabricated charge of Disorderly conduct of using profanity when only words Plaintiff spoke Was: "I can't believe this is happening! This is America! Is is a police state? "Plaintiff was exercising his 1st amendment right lawfully. The charge was dismissed by the Municipal Court for lack of evidence on City Attorney's motion after seven months of prosecution

B: PROCEEDINGS

Plaintiff filed this action on in November 2017 asserting claims under 42 USC § 1981, 1983, 1985 for violation of his 1st, 4th and 145h Amendment Rights and state law claims for defamation and intentional infliction of intentional distress IIIED)(Dkt # 1).City defendants file a Rule 129 (b)(6). The Court issued an order granting in art and denying in part Defendants motion in March 2019. (Dkt #41). In August 2020, the court entered a scheduling order setting certain deadlines setting July 30, 2021 as deadline to complete discovery and August 31, 2021 as deadline for Dispositive motion. City Defendants have been granted three separate extension for filing their dispositive motion. They filed their dispositive motion on November 8, 2021 (Dkt #140).On November 30, 2021 the District Judge reset the Trial date for March 21, 2021.

III. ARGUMENTS

A: Standard for Rule Relief Under Rule 56(d)

LEGAL STANDARD "Courts are authorized under Rule 56(d) to defer ruling on a summary judgment motion and allow discovery, but 'Rule 56 does not require that any discovery take place before summary judgment can be granted.'" Mendez v. Poi event, 823 F.3d 326, 336 (5th Cir. 2016) (quoting Baker v. Am. Airlines, Inc., 430 F.3d 750, 756 (5th Cir. 2005)). "[D]referring summary judgment and ordering discovery is appropriate only if the 'nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" Id. (quoting Fed. R. Civ. P. 56(d)). "A party 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" Id. (quoting Am. Family Life Assurance Co. of Columbus v. Biles, 714 F.3d 887, 894 (5th Cir. 2013)). Rather, the party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Biles, 714 F.3d at 894 (quoting Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010)).

**B: Good Cause Exists for Relief Sought:**

Defendants City of Austin ("City") and Richard Miller filed a motion for Summary Judgement on November 8, 2021(Dkt # 140) after the Court granted them three separate extensions. Discovery remains incomplete, and inadequately improportional to the need of the case as Defendants have resisted Plaintiff efforts to obtain discovery. Plaintiff moved to compel discovery on two separate occasions. In an order dated January 20, 2021 Judge Lane denied Plaintiff's discovery requests to

City of Austin defendant practically stifling Plaintiff discovery efforts. Plaintiff has shown diligence under the circumstances.

### IV.     CONCLUSIONN

From the foregoing it is abundantly clear that Plaintiff has shown diligence in seeking discovery under the circumstances. He moved the Court twice to compel discovery. Unfortunately he was not successful. There is no reason to belief that granting relief will work undue prejudice n defendants. It will permit Plaintiff to present a well-prepared case for adjudication and that will be more efficient for the Court. The District Courts resetting of Trial date also favors relief. The Court should grant the additional discovery sought and defer consideration of Defendant motion until discovery is compel.

Dated: November 9, 2021                                                          /s/ Ravindra Singh, Ph.D.

                                                                                                 Ravindra Singh, Ph.D.

### CERTIFICATE OF SERVICE

I , certify that a true and correct copy of the foregoing will be served on codefendants counsel or record via email

/s/Ravindra Singh, Ph.D.