IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAVINDRA SINGH, PH.D., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-CV-1120-RP |
| WAL-MART STORES INC., WAL-MART STORES TEXAS LLC, ALAN MARTINDALE, EVA MARIE MOSELEY, CITY OF AUSTIN, AND RICHARD W. MILLER, | § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court are Defendants Wal-Mart Stores Texas, LLC, Wal-Mart Stores, Inc. ("Wal-Mart"), Alan Martindale, and Eva Marie Moseley's Motion for Summary Judgment, (Dkt. 115), Motion to Enter Order Granting Defendants' Motion for Summary Judgment, (Dkt. 118), Second Motion to Dismiss for Plaintiff's Failure to Cooperate in Discovery and Failure to Comply with the Court's Orders, (Dkt. 124), and Motion for Protective Order, (Dkt. 141); Plaintiff Ravindra Singh's Motion in Opposition to Defendants' Motion for Summary Judgment, (Dkt. 137), and Motion to Defer Consideration, (Dkt. 153); and Defendants City of Austin and Richard W. Miller's Motion for Summary Judgment, (Dkt. 140). Having considered the parties' briefs, the evidence, and the relevant law, the Court will grant Defendants Wal-Mart, Alan Martindale, and Eva Marie Moseley's Second Motion to Dismiss for Plaintiff's Failure to Cooperate in Discovery and Failure to Comply with the Court's Orders and impose a dismissal sanction against Singh.

**I. BACKGROUND**

This suit arises out of an altercation occurring at a Wal-Mart where Plaintiff Ravindra Singh ("Singh") was detained, searched, and arrested by off-duty police officers on suspicion of

shoplifting. (*See* Compl., Dkt. 1). Singh alleges various civil rights violations under 42 U.S.C. §§ 1981, 1983, 1985(b)(3), the U.S. Constitution, and Texas state laws stemming from the incident.

Because the factual background of this case is well known by all parties and has been repeatedly articulated in the Court's previous filings, the following serves as a summary of this case's history:

- On November 27, 2017, Plaintiff Dr. Ravindra Singh, Ph.D. ("Singh"), proceeding pro se, filed his Complaint alleging various causes of action accruing from an incident that purportedly occurred on November 26, 2015. (Compl., Dkt. 1).

- On March 25, 2019, the Court dismissed Singh's claims against the Austin Police Department and Art Acevedo with prejudice, dismissed Singh's defamation claims without prejudice, and dismissed Singh's IIED claims against Miller with prejudice. (Order, Dkt. 41).

- The City of Austin and Richard Miller (the "City Defendants") sent requests for production and interrogatories to Singh via certified mail on June 28, 2019. (Dkt. 62-2). On August 22, 2019, the City Defendants sent Singh via certified mail their Requests for Admission. (Dkt. 62-3). Singh signed for both deliveries. (Dkt. 62-3; Dkt. 62-5). According to the City Defendants, Singh has not complied with any discovery, including those requests that have been outstanding for over two years.

- In October 2019, the City Defendants attempted to schedule the deposition of Singh, eventually sending him a notice of deposition via certified mail on October 24, 2019. (Dkt. 62-7). Singh signed the receipt of delivery but did not appear for the deposition. (Dkt. 62-10). To date, no depositions have taken place in this suit.

- On June 10, 2020, the Court ordered Singh to comply with specific discovery requests. (Order, Dkt. 75). Specifically, the Court ordered Singh to (1) answer the City Defendants' interrogatories by June 25, 2020, (2) respond to the City Defendants' requests for production

by June 25, 2020, and (3) appear for a deposition at a reasonable time set by Defendants. (*Id.*). The Court warned Singh that future dilatory tactics or meritless excuses could lead to sanctions and his case being dismissed with prejudice. (*Id.*).

- On July 15, 2020, the Court issued another order. (Order, Dkt. 83). Noting Singh had not complied with its June 10, 2020 Order, the Court warned Singh that "[c]ontinued failure to comply with the discovery process will likely be met with this case being dismissed for failure to prosecute." (*Id.* at 2).

- On January 20, 2021, the United States Magistrate Judge Lane issued an order and report and recommendation, recommending that Defendants' motion to dismiss and sanctions be denied at that time. (R. & R., Dkt. 109). The Court further warned Singh again that further failure to comply with its orders would result in dismissal of the suit. (*Id.*).

- On August 31, 2021, the Wal-Mart Defendants filed their Motion for Summary Judgment. (Mot. Summ. J., Dkt. 115). On September 16, 2021, after the fourteen-day response period allotted by the Local Rules lapsed, the Wal-Mart Defendants filed a Motion to Enter Order Granting their Motion for Summary Judgment. (Dkt. 118).

- On September 23, 2021, the Wal-Mart Defendants filed their Second Motion to Dismiss for Plaintiff's Failure to Cooperate in Discovery and Failure to Comply with the Court's Orders. (Dkt. 124).

- On October 5, 2021, the Court ordered Singh to file his responses to the Wal-Mart Defendants' Motion for Summary Judgment, (Dkt. 115), Motion to Grant Summary Judgment, (Dkt. 118), and Second Motion to Dismiss, (Dkt. 124), no later than October 19, 2021. (Order, Dkt. 134). The Court's Order again warned Plaintiff that "any further improper conduct will result in the undersigned recommending that his claims be dismissed with prejudice. . . . To put as plainly as possible, the undersigned will recommend the

3

dismissal of Singh's case if he fails to comply with the orders clearly depicted above." (*Id.* at 2).

- On October 21, 2021, Singh filed his Motion in Opposition to the Wal-Mart Defendants' Motion for Summary Judgment, (Dkt. 137), which the Court interprets as his response. Singh does not provide any substantive arguments in response to the motion but rather asserts that the motion is premature and requires more discovery.

- The City Defendants filed their Motion for Summary Judgment and/or Motion to Dismiss on November 8, 2021. (Dkt. 140). Singh did not file a response.

- On November 12, 2021, the Wal-Mart Defendants filed a Motion for Protective Order, seeking protection from certain discovery requests Singh served on Defendants on October 14, 2021. (Dkt. 141). Singh did not file any response.

- On December 10, 2021, Singh filed a Motion to Defer Consideration of the Motions for Summary Judgment, asserting the pending dispositive motions were premature and claiming that further discovery was necessary. (Dkt. 153).

- Trial in the instant case is currently set for April 25, 2022. (Order, Dkt. 156).

## II. DISCUSSION

Federal Rule of Civil Procedure 16(f)(1) provides for the imposition of sanctions, including sanctions authorized under Rule 37(b)(2)(A)(i)-(vii), if a party fails to obey a discovery/scheduling order. Relatedly, Rule 37(d) provides for sanctions under Rule 37(b)(2)(A)(i)-(vii) if a party fails to attend his own deposition, fails to answer interrogatories, or fails to respond to a request for inspection. Rule 37(b)(2)(A)(v) specifically includes in such sanctions: "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii)(iii)(v).

Dismissal is authorized in whole or in part when the failure to comply with a court's order results from willfulness or bad faith, accompanied by a clear record of delay or contumacious

conduct, and not from the inability to comply. *Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 41 (W.D. La. 2017) (citing *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985)). Stated differently, dismissal is appropriate where a party's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply. *Id.* (citing *Griffin v. ALCOA*, 564 F.2d 1171, 1172 (5th Cir. 1977)). Dismissal is proper in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. *Id.* (citing *Batson*, 765 F.2d at 514).

Additionally, the misconduct must substantially prejudice the other party's preparation for trial. *Id.* Dismissal is inappropriate when neglect is plainly attributable to the attorney rather than the client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Id.* In addition, "[u]nder Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action based on the failure of the plaintiff to prosecute or to comply with any order of the court." *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (citing Fed. R. Civ. P. 41(b)1 and *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). "Pro se litigants are not exempt from compliance with the rules of procedure." *Id.* (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Thus, "regardless of whether an individual represents himself, all parties have the responsibility to comply with court orders." *Romero*, 320 F.R.D. at 40. While dismissal under either rule is a harsh sanction, it is nonetheless appropriate if a "clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions would not serve the best interests of justice." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). Ultimately, exercise of the power to dismiss is committed to the sound discretion of the district courts. *Lopez*, 570 F.2d at 544.

The Fifth Circuit has made clear "[a] dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.'" *Berry v. CIGNA/RSI–CIGNA*, 975

F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985)). Thus, the Fifth Circuit has limited the court's discretion in dismissing cases with prejudice. *Berry*, 975 F.2d at 1191 (citing *Price*, 792 F.2d at 474). The Fifth Circuit will affirm a dismissal with prejudice for failure to prosecute only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or . . . the district court employed lesser sanctions that proved to be futile." *Woods v. Soc. Sec. Admin.*, 313 F. App'x 720, 721 (5th Cir. 2009) (per curiam); *see also Berry*, 975 F.2d at 1191. Additionally, in most cases where the Fifth Circuit has affirmed dismissals with prejudice, the appellate court found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474.

In making this determination, courts frequently take into account previous, unheeded warnings of dismissal. *See Mutuba v. Halliburton Co.,* 949 F. Supp. 2d 677, 688 (S.D. Tex. 2013) ("The Court's orders have been explicit that Plaintiff's failure to prosecute would result in a dismissal of his case without further notice. Accordingly, in light of Plaintiff's failure to abide by the Court's previous orders, the Court finds that Defendants' motion to dismiss is appropriate as an independent ground for dismissal with prejudice, and it is granted.").

This case has now been pending for over four years. Over the span of four years, the parties have not concluded discovery. Despite many requests and warnings from the Court, Singh has repeatedly, intentionally, and blatantly refused to cooperate with either opposing counsel or the Court. Singh has repeatedly failed to comply with the Court's orders, even after several chances to comply, including: (1) failure to comply with the Court's June 10, 2020 Order to answer the City Defendants' interrogatories and requests for productions, and to appear for a deposition, (Dkts. 75, 108); (2) failure to comply with the discovery requests as ordered in the Court's July 15, 2020 Order,

6

(Dkt. 83); (3) failure to comply with the Court's unambiguous orders issued during the January 15, 2021 hearing, (Dkt. 108); (4) failure to comply with the various explicit directives in the Court's January 20, 2021 Order, (Dkt. 109), including orders to respond to the City Defendants' interrogatories, requests for production, and deposition summons; and (5) failure to file timely responses to Defendants' dispositive motions as ordered in the Court's October 5, 2021 Order, (Dkt. 134).

In each of these instances, the Court has explicitly admonished Singh that if continued, his dilatory and contumacious conduct would result in dismissal of his case with prejudice. (*See, e.g.,* Dkt. 75 at 11 ("[T]he court warns Singh that future failure to comply with the deadlines above will result in sanctions under Rule 37(b)(2)."); Dkt. 83, at 2 (warning that "[c]ontinued failure to comply the discovery process will likely be met with this case being dismissed for failure to prosecute"); Dkt. 109 at 13 ("[A]ny further improper conduct will result in the undersigned recommending that his claims be dismissed with prejudice. If Singh fails to comply with this court's order as detailed herein, the undersigned will recommend dismissal of Singh's above-styled case with prejudice. Any excuses Singh offers for noncompliance will be denied. Any requests for additional time to comply with this court's order will be denied. To put as plainly as possible, the undersigned will recommend the dismissal of Singh's case if he fails to comply with the orders clearly depicted below."); and Dkt. 134, at 2 ("The court **WARNS** Singh that any further improper conduct will result in the undersigned recommending that his claims be dismissed with prejudice. If Singh fails to comply with this court's order as detailed herein, the undersigned will recommend dismissal of Singh's above-styled case with prejudice.").

Despite these repeated and explicit warnings, Singh continues to disregard Court orders and fail to cooperate with Defendants and the Court. After consideration of the record, this Court concludes that the delay in this case has been occasioned by Singh, and the delay caused by Singh

has prejudiced Defendants. The trial is less than a month away,[1] and Singh has failed to cooperate in discovery or give his deposition much less prepare for the upcoming trial. The Court concludes this case should be dismissed under Rule 37(d) for Singh's repeated failures to comply with discovery and court orders.

For similar reasons, dismissal under Rules 41(b) and 16(f) are also warranted. A dismissal under these rules should normally be accompanied by at least one of the following three aggravating circumstances: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *PHI*, 2009 WL 1658040 at *4. Although only one of these circumstances is needed, all three exist in this case. As found above, each of the delays have been caused by Singh himself. Likewise, Defendants have been highly prejudiced, as they have been obstructed from conducting any discovery whatsoever in this matter. Finally, the delays in this matter were caused entirely by Singh's intentional conduct.

The Court does not take the dismissal of a case in this context lightly. However, Singh's conduct has caused years of delay and Singh has not responded as required to multiple attempts at lesser sanctions (court orders) imposed by the Court. The Court's orders have been explicit that Singh's failure to prosecute would result in a dismissal of his case without further notice. Accordingly, in light of Singh's failure to abide by the Court's previous orders, the Court finds that dismissal of Singh's case with prejudice is appropriate pursuant to Federal Rules of Civil Procedure 37(d), 41(b) and/or 16(f).

### III. CONCLUSION

For these reasons, Defendants Wal-Mart Stores Texas, LLC, Wal-Mart Stores, Inc., Alan Martindale, and Eva Marie Moseley's Second Motion to Dismiss for Plaintiff's Failure to Cooperate in Discovery and Failure to Comply with the Court's Orders, (Dkt. 124), is **GRANTED**.

---

[1] Notably, the trial date has already been continued by the Court twice. (*See* Dkt. 152; Dkt. 157).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that, pursuant to Federal Rules of Civil Procedure 37(d), 41(b) and/or 16(f), Singh's claims are **DISMISSED WITH PREJUDICE**.

**SIGNED** on March 25, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE